Putnam J.
drew up the opinion of the Court. Present indebtedness is a sufficient consideration for the sale ; and the inadequacy of it is not per se fraudulent.[1] Nor is the fact, that the vendee suffered the property to remain in the hands of the *204 vendor after it was delivered, per se fraudulent.[2] Those facts were properly left to the jury, and they have found that the conveyance was bond fide. The right to the property passed by the deed, as between the parties, and after delivery the conveyance was good against the creditors of the vendor.
We think it clear from the instrument, that the vendee was to hold the property, not merely in payment of existing debts, but until the vendor should save the vendee harmless from liabilities thereafter to be incurred. But the vendor was notwithstanding to have the possession, “ until default of payment of what might be due to the vendee at such time as he should make demand of payment,” without employing words restricting the amount to the debts then due, with interest, as it would have been, but embracing whatever (as we think) from any other lawful cause might be due to the vendee when he should make his claim.* *[3]
Nor is that an illegal or inconvenient arrangement. Badlam v. Tucker, 1 Pick. 398. The truth is, that possession of personal property is only evidence tending to prove that the possessor has a title to it. But it may be controlled by other evidence proving an honest appropriation of it, either absolute or in mortgage. The public, we trust, well understand the rule, and will not confide in or be deceived by the mere possession.
In the case at bar, the vendee became the trustee for the vendor, for any surplus exceeding the amount of debts actually due, and liabilities incurred.* If the creditor had resorted to the trustee process, the surplus existing at the time of the service of it, would have been held ; and the vendee could not rightfully prejudice the attachment, by assuming new liabilities *205 after the service of the foreign attachment. By such conveyance the property is not placed beyond the reach of creditors.[1] It is true that frauds may be practised in sales of personal, as well as of real property, and in various other transactions ; when the fraud is proved, the pretended sale will be avoided.
We do not think there is any substantial objection to the charge of the late chief justice, or that it was left to the jury 10 settle a matter of law. It was properly intended to have the jury settle the fact, whether the liability upon the large note was incurred before the taking by the defendant; and parol evidence was clearly admissible to that point, as well as in regard to the amount of the debts due from the vendor at the time of the making of the deed.
Now, applying the facts to the principles of the law which are here settled beyond controversy, the case is clear for the plaintiff. It was an honest transaction, for valuable consideration ; the conveyance is sufficient in substance ; it purports to cover future liabilities ; they were in fact, incurred, and the property was delivered, before the taking by the defendant, and no payment or tender was made of the amount due to the vendee and for which he was liable when the attachment was made.
The title under the conveyance must prevail, and judgment be rendered upon the verdict for the plaintiff.

 See Stewart v. The State, 2 Har. & Gill, 114; Knobb v. Lindsay, 5 Hammond, 471; M'Kinney v. Pinckard, 2 Leigh, 149; Goree v. Wilson 1 Bailey, 597.

 See 15 Mass. R. (Rand’s ed.) 237, note (a); Wheeler v. Train, 3 Pick. (2d ed.) 257, note 1, and cases cited; Lunt v. Whitaker, 1 Fairfield, 310; 2 Pick. (2d ed.) 611, note 1.

 See Holbrook v. Baker, 5 Greenleaf, 309; De Wolf v. Harris, 4 Mason, 530; Divver v. M‘Laughlin, 2 Wendell, 596; Pettibone v. Griswold, 4 Connect. R. 161; Shepard v. Shepard, 6 Connect. R. 37; Hubbard v. Savage, 8 Connect. R. 215; Crane v. Deming, 7 Connect. R. 387; Union Bank, &c. v. Edwards, 1 Gill & Johns. 363; Clagett v. Salmon, 5 Gill & Johns. 314; 9 Connect. R. 286.

 See St. 1829, c. 124.

 Property so situated may now be attached, under the provisions of the Revised Stat. c 90, § 78 et seq.; Johnson v. Sumner, 1 Metcalf, 172; Moriarty v. Lovejoy, decided in Essex in 1840.